FILED

04/17/2018

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 3, 2018

## STATE OF TENNESSEE v. CAMERON BUCHANAN

**Appeal from the Criminal Court for Shelby County
Nos. 98-09629, 98-09630, 98-09631, 98-09632, 98-09633, 98-09634, 98-09635, 98-09636, 98-09637, 98-09638, 98-09639, 98-09641
James M. Lammey, Judge**

_____

### No. W2017-01795-CCA-R3-CD

_____

"The Movant," Cameron Buchanan, filed a "Motion to Vacate, Correct Clerical Error, and/or, otherwise Set Aside an Illegal Sentence" ("the motion"). The gist of the Movant's claim is that his fifteen-year sentence for especially aggravated kidnapping in case 98-09641 was ordered to be served concurrently, not consecutively, with his fifteen-year sentence for especially aggravated kidnapping in case 98-09629, and therefore, his effective sentence was twenty-five years, not thirty years. The trial court treated the motion as a Tennessee Rule of Criminal Procedure 36 motion to correct clerical mistakes in the judgments and summarily dismissed the motion finding "that there [we]re no clerical errors as alleged by [the Movant]." We determine that there are clerical errors in the judgments for cases 98-09635 through 98-09639 and case 98-09641. The errors in the judgments also correspond with the language of the "Negotiated Plea Agreement" forms for cases 98-09635 through 98-09639 and case 98-09641. Additionally, the trial court did not address the Movant's Tennessee Rule of Criminal Procedure 36.1 claim that his sentence was illegal. The judgment summarily dismissing the motion is reversed, and the case remanded for correction of the clerical errors, which may require appointment of counsel and a hearing, and for determination as to whether or not the motion stated a colorable claim under Rule 36.1.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed
and Remanded**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and J. ROSS DYER, JJ., joined.

Cameron Buchanan, Memphis Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Robert W. Wilson, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Stephanie Johnson, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Shelby County Grand Jury indicted Cameron Buchanan, "the Movant," in thirteen separate cases with three charges of especially aggravated kidnapping, six charges of aggravated robbery, three charges of aggravated burglary, and one charge of reckless endangerment. The Movant pled guilty on April 28, 2000, in cases 98-09629 to -38 and on May 1, 2000, in cases 98-09639 and 98-09641. A nolle prosequi was entered in case 98-09640. The record on appeal contains twelve judgments and eleven "Negotiated Plea Agreement" forms ("plea forms").[1]

In August 2017, the Movant filed a pro se "Motion to Vacate, Correct Clerical Error, and/or, otherwise Set Aside an Illegal Sentence" ("the motion"). The motion stated that it was filed "pursuant to Tn. R. Crim. P. Rule 36.1" and asked the trial court to enter "an Order vacating and/or setting aside or correcting the illegal sentence(s) and judgments in this particular cause." The motion also stated that Movant "would show the following [grounds] for § 4923 Motion to Correct Clerical Error in the judgment[.]"[2] The gist of the Movant's claim is that his fifteen-year sentence for especially aggravated kidnapping in case 98-09641 was ordered to be served concurrently, not consecutively, with his fifteen-year sentence for especially aggravated kidnapping in case 98-09629, and therefore, his effective sentence was twenty-five years, not thirty years.

The trial court treated the motion as a Tennessee Rule of Criminal Procedure 36 motion to correct clerical mistakes in the judgments and summarily dismissed the motion finding "that there [we]re no clerical errors as alleged by [the Movant]." The trial court did not address the Movant's claim that the sentence was illegal under Tennessee Rule of Criminal Procedure 36.1.

For the reasons set forth below, we determine that there are clerical errors in the judgments for cases 98-09635 through 98-09639 and case 98-09641 and the

---

[1] No plea form in case 98-09630 was included in the record.

[2] It is unclear what the Movant intended by reference to "§ 4923 Motion." In fact, the entire motion is difficult to follow and understand. In any event, the motion was treated by the trial court as a Tennessee Rule of Criminal Procedure 36 motion to correct clerical error.

corresponding "Negotiated Plea Agreement" forms for cases 98-09635 through 98-09639 and case 98-09641.

The following chart, with emphasis added to show the clerical errors in overlapping case numbers, is taken from the State's brief and provides information gleaned from the judgments.

| Case No. | Offense | Concurrent With | Consecutive With | Years Sentenced |
|---|---|---|---|---|
| 98-09629 | Especially Aggravated Kidnapping | 98-09630 to -31 | 98-09632 to -41 | 15 |
| 98-09630 | Aggravated Robbery | 98-09629, 98-09631 | 98-09632 to -41 | 10 |
| 98-09631 | Aggravated Burglary | 98-09629 to -30 | 98-09632 to -41 | 3 |
| 98-09632 | Aggravated Robbery | 98-09633 to -41 | 98-09629 to -31 | 10 |
| 98-09633 | Aggravated Burglary | 98-09632, 98-09634 to -41 | 98-09629 to -31 | 3 |
| 98-09634 | Aggravated Robbery | 98-09632 to -33 98-09635 to -41 | 98-09629 to -31 | 10 |
| 98-09635 | Reckless Endangerment | *98-09629 to -41* | *98-09629 to -31* | 2 |
| 98-09636 | Aggravated Robbery | *98-09629 to -41* | *98-09629 to -31* | 10 |
| 98-09637 | Aggravated Burglary | *98-09629 to -41* | *98-09629 to -31* | 3 |
| 98-09638 | Aggravated Robbery | *98-9629 to -41* | *98-0929 to -31* | 10 |
| 98-09639 | Aggravated Robbery | *98-09629 to -41* | *98-09629 to -31* | 10 |
| 98-09641 | Especially Aggravated Kidnapping | *98-09629 to -41* | *98-09629 to -31* | 15 |

As can be seen from the chart, the sentences in case 98-09635 through 98-09639 and case 98-09641 are ordered to run both concurrently with and consecutively to the sentences in case 98-09629 through 98-09631. The clerical errors make a difference in the total effective sentence. If the sentences in case 98-09629 and case 98-09641 are to be served consecutively the effective sentence is thirty years. If however, case 98-09629 and case 98-09641 are to be served concurrently, then the ten year sentence in 98-09634,

which was unambiguously ordered to be served consecutively with case 98-09629, would make the total effective sentence twenty-five years.

In many instances, a trial court can utilize a plea form to determine if there is a clerical error in a judgment, and if there is a clerical error, to determine the appropriate action needed to correct the error. In this case, because the plea forms for case 98-09635 through 98-09639 and case 98-09641 have the same overlap in case numbers as the judgments, they provide no clarification or guidance. Additionally, no transcript of the plea submission hearing is included in the record.

The Movant "is entitled to have the trial court correct the clerical error in the judgments in the manner prescribed by Rule 36." *State v. Brown*, 479 S.W.3d 200, 213 (Tenn. 2015). The judgment summarily dismissing the motion is reversed, and the case remanded for correction of the clerical errors. In determining how to correct the clerical errors, the trial court shall determine if it is necessary to have the plea submission hearing transcribed, to appoint counsel, or to have an evidentiary hearing.

Additionally, the Movant also claims that his sentence which was entered as a result of a plea agreement was an illegal sentence based on Tennessee Rule of Criminal Procedure Rule 36.1. Rule 36.1(b)(2) requires the trial court to "review the motion, any response, and, if necessary, the underlying record" to determine if the motion states a colorable claim[.]" If the court determines that the motion fails to state a colorable claim it "shall enter an order summarily denying the motion." If the court determines that "the motion states a colorable claim that the unexpired sentence is illegal, the court shall determine if a hearing is necessary," and "if the defendant is indigent and is not already represented by counsel, the court shall appoint counsel to represent the defendant." Tenn. R. Crim. P. 36.1(b)(3).

Accordingly, we reverse the trial court's summary dismissal of the motion. We remand this matter to the trial court for correction of the clerical errors in accordance with Rule 36 and for determination of whether or not the motion states a colorable claim under Rule 36.1.

_____
ROBERT L. HOLLOWAY, JR., JUDGE